IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TODD ARNOLD, | * | |
| Plaintiff, | * | |
| | | Civil No. BPG-15-3001 |
| v. | * | |
| ACAPPELLA, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Currently pending before the court is plaintiff Todd Arnold's Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) and for Approval of and Facilitation of Notice to Potential Class Members ("Plaintiff's Motion"). (ECF No. 20.) Defendants Acappella, LLC and Mihallaq Rapo a/k/a Mike Rapo have filed an Opposition to Plaintiff's Motion to Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) and for Approval of and Facilitation of Notice to Potential Class Members ("Defendant's Opposition"). (ECF No. 63.) Plaintiff has filed its Reply ("Plaintiff's Reply"). (ECF No. 68). I have reviewed the parties' papers, and no hearing is deemed necessary. Loc. R. 105.6. For the reasons stated below, Plaintiff's Motion is granted, and notice to potential class members shall be given as set forth below.

I.   **Factual Background**

Defendant Acappella, LLC ("Acappella" or "the restaurant") is a limited liability company, organized under the laws of the State of Maryland, which operates a restaurant, "Acappella Italian Restaurant," located in Fallston, Maryland. (ECF No. 1 at ¶ 5, ECF No. 63 at

1

1.) Defendant Mihallaq Rapo a/k/a Mike Rapo ("Rapo") is the owner of Acappella. (ECF No. 1 at ¶ 7, ECF No. 63 at 1.)

In his sworn declaration, plaintiff Todd Arnold ("plaintiff" or "Arnold") states that he worked as a server at Acappella from mid-2014 through "the beginning of 2015." (Arnold Decl., ECF No. 20-1 at ¶ 1.) Arnold states that he was paid $3.63 per hour during his employment at Acappella. (Id. at ¶ 2.) Arnold asserts that he was never informed by defendants that that they were taking a "tip credit" on his wages and that he had the right to retain all tips. Arnold also asserts that he, like other servers, was required to pay to management six percent (6%)—later five percent (5%)—of net sales, which amounted to approximately one-third (1/3) of all tips received. (Id. at ¶¶ 2–3.)

Plaintiff alleges that defendants violated 29 U.S.C. §§ 203(m) of the Fair Labor Standards Act[1] and § 3-419 of the Maryland Wage and Hour Law[2] by failing to inform plaintiff and similarly situated employees that defendants were taking a "tip credit" on their wages and that they had a right to retain all their tips except in a valid tip pooling arrangement. (ECF No. 1 at ¶ 15.) Plaintiff also alleges that defendants violated the Maryland Wage Payment and Collection Law[3] by failing to pay plaintiff and other tipped employees at least the Maryland hourly minimum wage. (Id.)

Plaintiff seeks to represent a class of similarly situated persons who were subject to defendant's allegedly wrongful employment practices. (ECF No. 20.)

---

[1] 29 U.S.C. §§ 201, et seq. ("FLSA").

[2] Md. Code Ann. LE art. § 3-401, et seq. ("MWHL").

[3] Md. Code Ann. LE art. § 3-501, et seq. ("MWPCL").

## II. Procedural History

Plaintiff filed a Collective Action and Class Action Complaint ("the Complaint") on October 4, 2015.[4] (ECF No. 1.) Pursuant to 28 U.S.C. § 636 and with the parties' consent (see ECF Nos. 13, 14), Judge Russell referred this case to the undersigned for all proceedings on December 21, 2015. (ECF Nos. 10, 11.)

The now-pending Motion to Conditionally Certify was filed on February 2, 2016. (ECF No. 20.) As the parties were, at that time, engaged in settlement negotiations, defendants were granted additional time in which to respond to Plaintiff's Motion. (ECF Nos. 22, 23.) Additional time passed as the parties engaged in further negotiations, and, on April 7, 2016, a stay was imposed in this case pending the parties' participation in a settlement conference before Judge Coulson. (ECF No. 42.) The settlement conference before Judge Coulson was held on May 3, 2016, but the parties were unable to reach a settlement. (See ECF No. 43.)

Further delays ensued when original counsel for defendants, Messrs. Walsh and Berger, filed a Motion for Leave to Strike Appearance of Counsel on May 19, 2016. (ECF No. 47.) As it was not apparent that Messrs. Walsh and Berger had complied with Local Rule 101.2's notice requirements, the court directed them to do so; the court also advised defendant Acappella that, as a limited liability company, it was required to be represented by counsel. Loc. R. 101.2(b). (ECF No. 51.) Messrs. Walsh and Berger complied with the court's order regarding Local Rule 101.2 on June 10, 2016. (ECF No. 55.) As required by Local Rule 101.2(b), defendant Acappella was given thirty (30) days in which to obtain new counsel. Loc. R. 101.2(b). (See

---

[4] At the time of filing, there were two named plaintiffs in this case, Mr. Arnold and Matthew Dippel. (See ECF No. 1.) On March 29, 2016, counsel for plaintiff filed a "Motion to Withdraw Appearance as Attorney as to Plaintiff Dippel, Only," in which counsel for plaintiff stated that Mr. Dippel no longer wished to pursue any claims against defendants. (ECF No. 38.) Notice having been given to Mr. Dippel regarding counsel's motion to withdraw, the motion was granted on June 7, 2016. (ECF No. 52.)

  Mr. Dippel was directed to notify the court whether he wished to proceed pro se or obtain new counsel. (ECF No. 52, 54.) Mr. Dippel did not respond to the court's order. Accordingly, Mr. Dippel's claims were dismissed without prejudice on June 30, 2016. (ECF No. 57.)

ECF No. 51.)  On July 8, 2016, Mr. McCormick entered his appearance on behalf of both defendants.  (ECF No. 58.)  Accordingly, Messrs. Walsh and Berger's Motion to Strike Appearance was granted the same day.  (ECF No. 59.)

On July 28, 2016, the stay imposed in this case on April 7, 2016 was lifted, and defendants were directed to respond to plaintiff's Motion to Conditionally Certify within fifteen days.  (ECF No. 62.)  Defendants' Opposition was timely filed on August 10, 2016.  (ECF No. 63.)  This court granted plaintiff additional time to file a reply on August 31, 2016, and plaintiff filed its Reply on September 16, 2016.  (ECF No. 68).  Plaintiff's Motion is thus ripe for adjudication.

### III.  Conditional Certification

#### a.  Legal Standard for Conditional Certification

Pursuant to 29 U.S.C. § 216(b), plaintiffs may maintain a collective action against their employer for violations of the FLSA.  Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008).  Section 216(b) allows "similarly situated" employees to opt in to a lawsuit by giving their consent.  Id. (citation omitted).  It is well settled that the district court has the discretion to decide whether to allow an FLSA claim to proceed as a collective action and to facilitate notice to potential plaintiffs.  Id. (citation omitted); see also Marroquin v. Canales, 236 F.R.D. 257, 259 n.7 (D. Md. 2006) (holding that "the same legal standards apply for assessing the appropriateness of both proceeding as a collective action and providing court approved notice to potential class members").

When deciding whether to certify a collective action, courts generally follow a two-step process.  Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 686 (D. Md. 2010).  At the first step, known

as the notice stage, the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate." Syrja, 756 F. Supp. 2d at 686. (citation omitted) (internal quotation marks omitted). The second stage, referred to as the decertification stage, occurs after the close of discovery. Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007). At the decertification stage, the court makes a final decision about whether a collective action is proper. Id.

At the notice stage, a putative class plaintiff must make a "relatively modest factual showing" that he is similarly situated to potential opt-in plaintiffs. Marroquin, 236 F.R.D. at 259 (citation omitted). "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." Id. at 260 (citation omitted). While mere allegations in a complaint are insufficient to show substantial similarity, a plaintiff may make an adequate factual showing by affidavit. Id. at 259–60 (citation omitted). Such an affidavit must set forth more than "vague allegations" with "meager factual support" to establish substantial similarity. D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995). As noted above, however, a plaintiff need not conclusively establish that there is a similarly situated class until the post-discovery decertification stage. Rawls, 244 F.R.D. at 300.

b. **Conditional Certification Is Appropriate in This Case**

Through his sworn declaration, plaintiff has made the required modest factual showing that there exists a similarly situated class of potential plaintiffs who were subject to a common policy, scheme, or plan which may have violated the law. Marroquin, 236 F.R.D. at 260. Arnold's sworn declaration indicates that he and other servers at the restaurant: were paid at an hourly rate of $3.63; were never informed that defendants were taking a "tip credit" against the

as the notice stage, the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate." Syrja, 756 F. Supp. 2d at 686. (citation omitted) (internal quotation marks omitted). The second stage, referred to as the decertification stage, occurs after the close of discovery. Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007). At the decertification stage, the court makes a final decision about whether a collective action is proper. Id.

At the notice stage, a putative class plaintiff must make a "relatively modest factual showing" that he is similarly situated to potential opt-in plaintiffs. Marroquin, 236 F.R.D. at 259 (citation omitted). "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." Id. at 260 (citation omitted). While mere allegations in a complaint are insufficient to show substantial similarity, a plaintiff may make an adequate factual showing by affidavit. Id. at 259–60 (citation omitted). Such an affidavit must set forth more than "vague allegations" with "meager factual support" to establish substantial similarity. D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995). As noted above, however, a plaintiff need not conclusively establish that there is a similarly situated class until the post-discovery decertification stage. Rawls, 244 F.R.D. at 300.

b. **Conditional Certification Is Appropriate in This Case**

Through his sworn declaration, plaintiff has made the required modest factual showing that there exists a similarly situated class of potential plaintiffs who were subject to a common policy, scheme, or plan which may have violated the law. Marroquin, 236 F.R.D. at 260. Arnold's sworn declaration indicates that he and other servers at the restaurant: were paid at an hourly rate of $3.63; were never informed that defendants were taking a "tip credit" against the

minimum wage, the amount of their tip credit, and their right to retain all tips; and were required to pay to management six percent (6%)—later five percent (5%)—of net sales, which amounted to approximately one-third (1/3) of all tips received.  (ECF No. 20-1 at ¶¶ 2–3.)

While defendants challenge the basis of Arnold's knowledge regarding Arnold's belief that "others were [not] informed that the Defendants were taking a tip credit," this objection is unpersuasive.  (ECF No. 63 at 4.)  As to this particular statement, Arnold identifies the lack of any written notice ("poster, handbook, etc.") as a reason why he believed that other servers were unaware of the tip credit arrangement.  (ECF No. 20-1 at ¶ 2.)  Arnold's declaration, moreover, repeatedly refers to conversations with other employees at the restaurant which would provide him with knowledge of their similar treatment.[5]  (Id. at ¶¶ 2, 3, 6.)  Accordingly, plaintiff Arnold has made adequate factual allegations regarding conditions of which he has personal knowledge.  Plaintiff has, therefore, met his modest burden of establishing that there exists a class of similarly situated potential plaintiffs who were subject to a common policy that violated the FLSA.

### IV.     Notice to Potential Class Members

#### a.     Scope of Conditional Class and Production of Contact Information

Because plaintiff has met his preliminary burden to show that there are other similarly situated employees, notice will be provided to current and former employees who worked as servers at the restaurant from **October 5, 2012 through October 5, 2015**, the time period alleged in the Complaint.  (See ECF No. 1 at ¶ 17A.)  To facilitate that notice, plaintiff requests that defendant produce: "the first, middle (if applicable), and last name of each person who held

---

[5] The court notes that hearsay statements that may be inadmissible at trial may be considered at the notice stage where the affiant has knowledge of the statement. Robinson v. Empire Equity Grp., Inc., No. WDQ-09-1603, 2009 WL 4018560, at *3, nn.16–17 (D. Md. Nov. 18, 2009) (considering affiant's statement regarding knowledge of defendant's compensation of certain loan officers that affiant learned from speaking to those loan officers about how they were paid).

such a position, the position(s) held, all telephone numbers and email addresses on record, and the dates of employment." (ECF No. 20 at 14.)  Defendants argue that plaintiff's requests are overbroad and specifically oppose plaintiff's request for putative class members' telephone numbers and email addresses.  (ECF No. 63 at 5.)  Defendants argue that: "the entire process of obtaining the Court's approval of the Notice to be used in informing potential plaintiffs of the existence of this lawsuit would be rendered superfluous if Plaintiff and their counsel are permitted to contact plaintiffs by telephone and email and communicate information not contained in the official Notice."  (Id.)

As to plaintiff's request to receive "all telephone numbers…on record" of all potential plaintiffs, the request is denied because plaintiff has not shown any special circumstances to necessitate such production.  McFeeley v. Jackson St. Entm't, LLC, No. DKC-12-1019, 2012 WL 5928902, at *5 n.2 (D. Md. Nov. 26, 2012) ("Absent a showing by plaintiffs of special need for the disclosure of class members' telephone numbers, ordering such disclosure is not appropriate." (citations omitted) (internal quotation marks omitted)); see also Arevalo v. D.J.'s Underground, No. DKC-09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) (denying request to make contact by telephone, holding that plaintiffs' counsel's speculation that mailed notices were not received did not outweigh inherent risks of improper solicitation and intrusion into privacy).

Defendant's objection to production of potential plaintiff's email addresses, however, is less persuasive.  This court has recognized that e-mail communication is "now the norm" and in numerous cases has directed FLSA defendants to produce such information.  See Calder v. GGC-Baltimore, LLC, No. BPG-12-2350, 2013 WL 3441178, at *3 (D. Md. July 8, 2013) (citing Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 575 (D. Md. 2012)).

Accordingly, defendant is directed to supply plaintiff with identifying information for the potential plaintiffs: full name, last known residential address, and last known e-mail address.[6]

### b. Content of Notice and Notice Methods

As to the content of the notice, plaintiff submitted a proposed notice, which defendants argue is deficient. Plaintiff also requests an order compelling defendants to conspicuously post the proposed notice on the premises of defendants' restaurant, and to include a copy with the paychecks of all employees, which defendants oppose. Pursuant to the FLSA, the notice must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action. McFeeley, 2012 WL 5928902, at *5 (citations omitted). "The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." Id. (citation omitted).

Defendants' argument rests on two related grounds. First, defendants object that the proposed notice does not "consistently indicate that potential plaintiffs are free to seek advice from counsel of their choosing…" (ECF No. 63 at 8–9.) Second, defendants argue that the proposed notice improperly instructs class plaintiffs to submit their "opt-in" forms to plaintiff's counsel—not the court. (Id. at 9.) Defendants cite as authority Guzman v. VLM, Inc., No. 07-CV-1126 (JG)(RER), 2007 WL 2994278, at *7–8 (E.D.N.Y. Oct. 11, 2007), in which the court modified the proposed notice to clarify potential plaintiffs' right to select an attorney other than plaintiff's counsel. In its Reply, plaintiff argues that the "opt-in" forms should be returned to plaintiff's counsel so that plaintiff may determine whether the potential class members have an

---

[6] As the potential class is of current and former servers only, defendants need not indicate the position(s) held, as requested in Plaintiff's Motion. (ECF No. 20 at 14.) Nor are defendants required at the notice stage to provide information regarding each potential class member's dates of employment—also requested by plaintiff. (Id.) While such information would undoubtedly be pertinent to damages calculations, the purpose of the notice stage is merely to advise potential plaintiffs of the existence of this suit and their right to "opt-in." See Alderoty v. Maxim Healthcare Servs., Inc., No. TDC-14-2549, 2015 WL 5675527, at *5 (D. Md. Sept. 23, 2015) (noting that, because employees who join an FLSA action must affirmatively opt-in before the statute of limitation tolls, purpose of notice stage is to ensure "timely, accurate, and informative" notice to potential class members).

informed, sincere, and viable interest in pursuing their claims. (ECF no. 68 at 3–4.) Plaintiff further contends that requiring the forms to be returned to the court would discourage potential class members from pursuing their claims, and would create unnecessary work for the court. (Id. at 4.)

Upon consideration of the parties' arguments on this issue, I conclude that defendants' concerns are adequately addressed by the language set forth in the appended notice clearly advising potential plaintiffs that they have the right to obtain their own counsel. As for plaintiff's request that notice be conspicuously posted in defendants' restaurant, defendants have advanced no arguments why plaintiff's request should be denied. Moreover, this procedure is commonly allowed when potential plaintiffs work in the same physical location. Mendoza v. Mo's Fisherman Exchange, Inc., No. ELH-15-1427, 2016 WL 3440007, at *21 (D. Md. June 22, 2016) (citations omitted). Under the circumstances, however, I find it unnecessary for defendant to include the notice with all current employees' paychecks. See Calderon v. Geico Gen. Ins. Co., No. RWT-10-1958, 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011) (declining to impose upon defendants the cost of including "duplicative notice" with potential plaintiffs' paychecks). Accordingly, Plaintiff's Motion will be granted in part and denied in part.

### V.     Conclusion

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's Motion (ECF No. 20) is GRANTED;
2. The class is CONDITIONALLY CERTIFIED as to all individuals who worked as servers at Acappella, LLC t/a Acappella Italian Restaurant at any time from October 5, 2012 through October 5, 2015, and who were not informed of their

right to retain all their tips except in a valid tip pooling arrangement and who were paid less than the Maryland hourly minimum wage (the "Putative Class");

3. Defendants shall, within 14 days of the entry of this Memorandum and Order, provide to plaintiff's counsel the full legal name, last known residential address, and last known e-mail address of all Putative Class members;

4. Plaintiff may notify other potential plaintiffs by first-class mail and e-mail, using the court-approved notice and consent form appended to this Order.

5. Defendants shall, within 14 days of the entry of this Memorandum and Order, post a copy of the court-approved notice in a conspicuous place on the premises of defendants' Acappella Italian Restaurant.

Date:  September 29, 2016                             / s /
                                                      Beth P. Gesner
                                                      United States Magistrate Judge